# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PUSPA POKHREL,

        Petitioner,    :    Case No. 2:25-cv-181

  - vs -        District Judge Algenon L. Marbley
                Magistrate Judge Michael R. Merz

OHIO ATTORNEY GENERAL, et al.,

        :

        Respondents.

## REPORT AND RECOMMENDATIONS

    This habeas corpus case under 28 U.S.C. § 2254 was brought by Petitioner Puspa Pokhrel with the assistance of counsel to obtain relief from his conviction in the Licking County Municipal Court on one count of sexual imposition (Petition, ECF No. 1). Named as Respondents are Ohio Attorney General Dave Yost[1] and The Honorable David N. Stansbury, Judge of the Licking County Municipal Court, who tried this case and imposed sentence. *Id.*

    Upon filing, the case was assigned randomly to District Judge Algenon L. Marbley and to Magistrate Judge Karen L. Litkovitz. Having conducted the preliminary review required by Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules"), Judge Litkovitz ordered that an answer and the state court record be filed (ECF No.2). Accepting responsibility to defend the case,

---

[1] Yost's address in the caption is listed as the "Roads Office Tower." The building is actually named after The Honorable James Rhodes, former Governor of the State of Ohio, who, among his many sagacious acts, in 1977 appointed the undersigned as a Judge of the Dayton Municipal Court.

1

Judge Stansbury caused the entry of appearance of counsel (ECF Nos. 3, 6, 8). The State Court Record (ECF No. 7) and a Return of Writ (ECF No. 8) were then filed. Judge Litkovitz set a deadline for Petitioner to file a reply/traverse of twenty-one days after the Return was filed (ECF No. 2, PageID 42). That date was June 26, 2025, which has passed without a reply having been filed. The case is thus ripe for decision.

Pursuant to Amended General Order 22-05, the Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 9).

**Litigation History**

A Complaint was filed in the Licking County Municipal Court on March 27, 2023, charging Petitioner with one count of sexual imposition in violation of Ohio Revised Code § 2907.06(A)(1) allegedly committed on March 24, 2023 (ECF No. 7-1, PageID 55). The case was tried to a jury on December 7, 2023 (Transcript, State Court Record, ECF No. 7-9, PageID 69, *et seq*.) Petitioner was convicted as charged and sentenced to sixty days incarceration with forty days suspended, placed on probation for one year, and classified as a sex offender required to register by statute (ECF No. 7-10, PageID 297).

Represented by new counsel, Pokhrel appealed to the Ohio Fifth District Court of Appeals (ECF No. 7-14, PageID 302). That court affirmed. *State v. Pokhrel*, 2024-Ohio-3073 (Ohio App. 5th Dist. Aug. 12, 2024)(copy at ECF No. 7-20, PageID 379). Petitioner appealed further to the Ohio Supreme Court, but that court declined to exercise appellate jurisdiction (Entry, ECF No. 7-25, PageID 423). The trial court has stayed execution of sentence pending the outcome of this habeas corpus case (ECF No. 7-23, PageID 416).

Petitioner pleads the following grounds for relief:

> **Ground 1—Ineffective Assistance of [Trial] Counsel under the Sixth and Fourteenth Amendments**
>
> 37. Petitioner avers that his trial counsel provided ineffective assistance of counsel under the Sixth and Fourteenth Amendments and *Strickland v. Washington* in the following ways:
>
> a. Failure to object to the prosecutor's improper closing arguments urging the jury to consider improper evidence (the alleged victim's inadmissible prior written statement).
>
> b. Failure to request a limiting instruction on the proper use of alleged victim's prior written statement(s).
>
> 38. Petitioner further avers that the Fifth District Court of Appeals applied an erroneously high "but for" standard of prejudice that is contrary to the Supreme Court decision in *Strickland v. Washington* and clearly established federal law.
>
> **Ground 2—Ohio's Appellate Review Standards Violate Due Process and Equal Protection**
>
> 39. Petitioner avers that Ohio's application of its harmless error standard, which (as applied to Petitioner's case) arbitrarily differentiates between constitutional and nonconstitutional errors, is contrary to federal law, and violates Equal Protection and Due Process under the Fourteenth Amendment.

(Petition, ECF No. 1, PageID 12-13).

The Return of Writ consists of written admissions and denials as is customary with answers in civil cases[2]. It then pleads the following affirmative defenses: *Res judicata* (second defense), procedural default (third defense), the state court decisions were based on independent state law grounds, preventing federal review (fourth defense), harmless error (fifth defense), and failure to state a claim upon which relief may be granted (sixth defense)(ECF No. 8, PageID 426-27).

---

[2] The Ohio Attorney General usually defends habeas corpus cases in this Court and the Return usually consists of a general denial with affirmative defenses separately pleaded. The form used here is completely acceptable.

# Analysis

### Standard for Evaluating State Court Decisions

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"),when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief Petitioner asserts he received ineffective assistance of trial counsel when his trial attorney failed to object to the prosecutor's "improper closing arguments urging the jury to consider improper evidence (the alleged victim's inadmissible prior written statement)" and failed "to request a limiting instruction on the proper use of alleged victim's prior written statement(s)."

This claim was Petitioner's Fourth Assignment of Error on direct appeal and the Fifth District decided it as follows:

4

{¶67} In his fourth assignment of error, appellant argues that his trial counsel was ineffective for failing to object to the prosecutor's closing argument, in failing to request a jury instruction on the culpable mental state of purpose, and in failing to request a limiting instruction on the use of I.H.'s prior written statement.

{¶68} To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must meet the now familiar *Strickland* standard. To show deficiency, a defendant must show (1) that his trial counsel's representation fell below an objective standard of reasonableness and (2) that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989).

### *Failure to object to closing argument*

{¶69} During closing argument, the state argued:

> He has been in the country he said for sixteen years and he admitted that if somebody grabbed someone's breast it would be offensive. I am submitting to you the testimony that you heard along with the two exhibits that you will have with you will help you in reaching your verdict.

{¶70} Tr. 196.

{¶71} While trial counsel objected to the admission of the prior statement of I.H. [the complaining witness], he did not object to the state's closing argument. We have found that the admission of the prior statement of I.H. for the jury's consideration was error. So, too, the state's closing argument referring to the prior statement was error.

{¶72} However, we find that the results of the trial would not have been different. The jury was instructed that the evidence does not include the complaint, opening statements and closing arguments of counsel. Tr. 205.

### *Limiting instruction on jury's use of I.H.'s prior statement*

{¶77} Appellant's trial counsel objected to the submission to the jury of I.H.'s prior statement but failed to request a limiting instruction on its use by the jury.

5

> {¶78} We find that while a limiting instruction would have been appropriate, given the extra comments made in the statement that the wife knew he had done this before, it was reasonable trial strategy not to call attention to the contents of the statement.
>
> {¶79} Trial counsel effectively argued to the jury that I.H.'s prior statement was not consistent with her trial testimony.
>
> {¶80} We find that the outcome of the trial would not have been different if appellant's trial counsel had objected to the closing argument of the state or requested the jury instructions[3] he now argues were relevant.
>
> {¶81} The fourth assignment of error is overruled.

*Pokhrel, supra.*

As recognized by the Fifth District, the governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1)

---

[3] On appeal Pokhrel also complained of counsel's failure to request an instruction on the requisite mental state. That claim is not brought forward in habeas, but it explains the use of the plural here in the Fifth District's opinion. See ¶ 67.

6

counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland,* 466 U.S., at 693, 104 S. Ct. 2052,

7

> 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Pokhrel argues the Fifth District applied an incorrect standard for assessing prejudice under *Strickland*. He argues:

> 31. The Fifth District applied an erroneously high "but for" test that required a showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Pokhrel*, at ¶68, 72 (emphasis added).
>
> 32. As Petitioner argued, federal courts have specifically rejected this heightened standard. In support of this conclusion, Petitioner cited *Vasquez v. Bradshaw*, 345 Fed. Appx. 104, 112 (6th Cir. 2009); *Spaulding v. Larson*, 704 Fed. Appx. 475, 480 (6th Cir. 2017) ("the Michigan Court of Appeals never stated the *Strickland* standard correctly, and thrice stated it incorrectly."); and *Green v. Lee,* 964 F. Supp. 2d 237, (E.D.N.Y. 2013) ("the County Court applied an overly demanding standard of prejudice, essentially rejecting Green's claim of ineffective assistance of counsel because Green could not prove to a certainty that he would have been totally convicted 'but for' the trial counsel's deficient performance."). Memorandum in Support of Jurisdiction, p. 5-6, n.3.

(Petition, ECF No. 1, PageID 11).

Petitioner did indeed present this claim about the required standard for proving prejudice to the Ohio Supreme Court as shown by his quotation from his Memorandum in Support of Jurisdiction. But the Ohio Supreme Court did not accept jurisdiction and so did not rule on this claim about the standard of proving prejudice under *Strickland*. In arguing his ineffective assistance of trial counsel claim in his Brief on Appeal to the Fifth District, counsel wrote: "If the

8

defendant succeeds in making this showing [of deficient performance], the court must determine "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Appellant's Brief, ECF No. 7-17, PageID 335 quoting *Strickland*, 466 U.S. at 695). None of the authority cited in the Memorandum in Support of Jurisdiction was cirted to the Fifth District. Thus to the extent Petitioner is making a constitutional claim that he was entitled to the lower standard for proving prejudice, he has procedurally defaulted that claim by failing to fairly present it to the Fifth District. See *Hand v. Houk*, 871 F.3d 390 (6th Cir. 2017). Moreover, none of the authority he cites is precedential, being either unpublished or from another circuit.

Applying the correct standard, the Fifth District decided Petitioner had not shown prejudice from either of trial counsel's omissions of which Petitioner complains here. Objecting to an opponent's closing argument can easily be considered "bad form" by a jury and also call attention to the content of what is objected to. The Magistrate Judge finds that decision is an objectively reasonable application of *Strickland*. Therefore Petitioner's First Ground for Relief should be dismissed.

**Ground Two: Denial of Equal Protection and Due Process by Applying Different Standards for Evaluating Harmless Error**

In his Second Ground for Relief, Petitioner argues the State violated his rights to Equal Protection and Due Process by using different standards to evaluate the harmlessness of error depending upon whether the error was constitutional or nonconstitutional.

In his Third Assignment of Error on direct appeal, Petitioner argued it was error for the trial court to admit the complaining witness's handwritten statement into evidence. The Fifth

9

District agreed, but found the error harmless, It wrote:

> {¶52} In his third assignment of error, appellant claims that the trial court erred when it admitted I.H.'s hand written statement as State's Exhibit 1. He further argues that the state used the statement during closing argument as substantive evidence that appellant "grabbed her boobs" when she made no such statement at trial.
>
> {¶53} The hand-written statement of I.H. was first discussed during the cross examination of I.H.:
>
>> Q: Okay, and then did you write then we got out and took the dishes back washing them and then he was touching my apron and saying what is that on your shirt and then I said it is food and then he was acting like he was wiping it off and then grabbed my boobs. Is that what you wrote.
>>
>> A: Yes, that is what I wrote.
>
> {¶54} Tr. 118.
>
> {¶55} At the close of the evidence, the state offered the hand-written statement as evidence under the theory of rebutting the presumption that she was not truthful. The appellant objected stating that it was hearsay. Tr. 162.
>
> {¶56} During the closing argument, the state used the hand-written statement as substantive evidence:
>
>> ... [He] admitted that if somebody grabbed someone's breast it would be offensive. I am submitting to you the testimony that you heard along with the two exhibits that you will have with you will help you in reaching your verdict.
>
> {¶57} Tr. 196.
>
> {¶58} It was error to admit the hand-written statement used for impeachment purposes for the jury's consideration. It was also error for the state to use it as substantive evidence during closing argument.
>
> {¶59} The state cites Evid.R. 801(D)(1)(b) for the proposition that the statement was admissible to rebut a recent fabrication.
>
> {¶60} Evid.R. 801(D)(1)(b) states in part:

> A statement is not hearsay if: consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive.
>
> {¶61} Evid.R. 801(D)(1)(b) is not applicable here. I.H. did not testify that appellant grabbed her boobs. She testified that appellant touched them with his finger and glided his hand across her breast when wiping food off her apron.
>
> {¶62} Prior inconsistent statements are hearsay, admissible only for impeachment purposes. *State v. Robledo,* 2020-Ohio-5342, ¶ 32 (5th Dist.) citing *State v. McKelton,* 2016-Ohio-5735, ¶ 128.
>
> {¶63} But the admission of hearsay evidence is **harmless** if there is substantial other evidence to support the guilty verdict. *State v. Webb,* 1994-Ohio-425, (holding that nonconstitutional error is harmless if there is substantial other evidence to support the guilty verdict).
>
> {¶64} After reviewing the record including the testimony of I.H. and the testimony of appellant, we find that there was more than sufficient evidence to support appellant's conviction for sexual imposition.
>
> {¶65} Appellant admitted to touching I.H.'s breast and buttocks inappropriately at least three times. The issue before the jury was whether it was done for sexual gratification, not whether the touching occurred. The admission of the prior written statement of I.H. was harmless error given the substantial other evidence to support the verdict.
>
> {¶66} Appellant's third assignment of error is overruled.

*Pokhrel, supra*.

As can be seen, the Fifth District applied the harmless error standard enunciated by the Ohio Supreme Court in *State v. Webb,* 70 Ohio St. 3d 325 (1994), where the court held nonconstitutional error was harmless if there was substantial other evidence to support the verdict. Petitioner claims applying this standard denied him equal protection of the laws and due process

11

of law because a different standard is applied to evaluate the harmlessness of constitutional error.

As Petitioner notes, he raised this claim in Proposition of Law No. 1 in the Ohio Supreme Court on direct appeal (Petition, ECF No. 1, PageID 9-11, citing Memorandum in Support of Jurisdiction). However, the Ohio Supreme Court declined to exercise appellate jurisdiction in this case and thus did not render an opinion on the merits of this constitutional claim.

Petitioner did not present this issue as a constitutional claim to the Fifth District. Instead he argued that the statement was excludable hearsay and

> When a defendant objects to an erroneous evidentiary ruling, the State "bears the burden of demonstrating that the error did not affect the substantial rights of the defendant" *State v. West*, 168 Ohio St. 3d 605, 2022-Ohio-1556, 200 N.E.3d 1048, 1123. The State cannot meet this high burden for the following reasons.

(Appellant's Brief, ECF No. 7-17, PageID 333). There is no suggestion in the Brief that applying the harmless error standard enunciated in *Webb* would somehow deny Petitioner equal protection or due process nor is any constitutional authority cited for requiring the same standard for both constitutional and nonconstitutional error. Petitioner's Second Ground for Relief is barred by his procedural default in presenting it to the Fifth District and it should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

12

be permitted to proceed *in forma pauperis*.

July 18, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.