# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

PUSPA POKHREL,

           Petitioner,  :        Case No. 2:25-cv-181

   - vs -                          District Judge Algenon L. Marbley
                                       Magistrate Judge Michael R. Merz

OHIO ATTORNEY GENERAL, et al.,

                                    :

           Respondents.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 11)[1] to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 10), recommending the Petition be dismissed with prejudice. District Judge Marbley has recommitted the case for reconsideration in light of the Objections (ECF No. 12).

In light of the Objections, the Magistrate Judge WITHDRAWS the original Report and substitutes the analysis offered below.

**Litigation History**

This is a misdemeanor[2] case involving one count of sexual imposition in violation of Ohio Revised Code § 2907.06(A)(1). The conduct giving rise to the charge occurred on March 24,

---

[1] Respondent has indicated he will not file a response to the Objections.
[2] Under Ohio practice, misdemeanors are charged without the intervention of a grand jury. See Ohio R. Crim. P. 3.

1

2023, and the charge itself was filed March 27, 2023. Sexual imposition is a third degree misdemeanor carrying a maximum penalty of sixty days in jail. Significantly here, conviction also mandates lifetime registration as a sex offender.

The case was tried to a jury on December 7, 2023 (Transcript, State Court Record, ECF No. 7-9, PageID 69, *et seq*.). Petitioner was convicted as charged and sentenced to sixty days incarceration with forty days suspended[3] (ECF No. 7-10, PageID 297). Execution of sentence has been suspended pending the outcome of this habeas corpus case. (ECF No. 7-23, PageID 416).

Represented by experienced new defense counsel Dennis Belli, Petitioner appealed to the Ohio Fifth District Court of Appeals (ECF No. 7-14, PageID 302). That court affirmed. *State v. Pokhrel*, 2024-Ohio-3073 (Ohio App. 5th Dist. Aug. 12, 2024)(copy at ECF No. 7-20, PageID 379). Still represented by Attorney Belli, Petitioner appealed further to the Ohio Supreme Court, but that court declined to exercise appellate jurisdiction (Entry, ECF No. 7-25, PageID 423).

Before the Supreme Court declined jurisdiction but before the Petition was filed here, Attorney Stephen Palmer assumed Petitioner's representation and pleads on his behalf the following grounds for relief:

> **Ground 1—Ineffective Assistance of [Trial] Counsel under the Sixth and Fourteenth Amendments**
>
> 37. Petitioner avers that his trial counsel provided ineffective assistance of counsel under the Sixth and Fourteenth Amendments and *Strickland v. Washington* in the following ways:
>
> a. Failure to object to the prosecutor's improper closing arguments urging the jury to consider improper evidence (the alleged victim's inadmissible prior written statement).
>
> b. Failure to request a limiting instruction on the proper use of alleged victim's prior written statement(s).

---

[3] This is a frequent form of misdemeanor sentence in Ohio. The suspended term is held in abeyance on condition either of supervised or unsupervised probation.

2

> 38. Petitioner further avers that the Fifth District Court of Appeals applied an erroneously high "but for" standard of prejudice that is contrary to the Supreme Court decision in *Strickland v. Washington* and clearly established federal law.
>
> **Ground 2—Ohio's Appellate Review Standards Violate Due Process and Equal Protection**
>
> 39. Petitioner avers that Ohio's application of its harmless error standard, which (as applied to Petitioner's case) arbitrarily differentiates between constitutional and nonconstitutional errors, is contrary to federal law, and violates Equal Protection and Due Process under the Fourteenth Amendment.

(Petition, ECF No. 1, PageID 12-13).

Ordinarily the Ohio Attorney General represents the respondent in habeas corpus cases and follows a customary form in structuring a return of writ. In this case, the answering Respondent is Licking County Municipal Judge David Stansbury who is represented by outside counsel. Attorney General Yost is named as a Respondent, but has not participated in the defense of the case. The Return of Writ is structured like the answer in an ordinary civil case and consists of written admissions and denials. It then pleads the following affirmative defenses: Res judicata (second defense), procedural default (third defense), the state court decisions were based on independent state law grounds, preventing federal review (fourth defense), harmless error (fifth defense), and failure to state a claim upon which relief may be granted (sixth defense)(ECF No. 8, PageID 426-27). Although Magistrate Judge Litkovitz, to whom this case was originally referred, had set a reply date of twenty-one days after the Return was filed (Order, ECF No. 2, PageID 42), no reply has been filed.

# Analysis

As the undersigned reads the Petition, Pokhrel is complaining of two constitutional errors made by the Ohio Fifth District Court of Appeals (1) reviewing his two ineffective assistance of trial counsel claims under the wrong standard and (2) applying an unconstitutional harmless error standard to his claims.

**First Ground for Relief: Ineffective Assistance of Trial Counsel: Wrong Standard Applied to Prejudice Prong of *Strickland* Standard**

In his Objections, Petitioner argues that the first of these errors is a clear error of law in that many courts have held the correct standard for measuring prejudice arising from ineffective assistance of trial counsel is whether there is a "reasonable probability" the counsel error affected the verdict, as opposed to proving the verdict would have been otherwise "but for" counsel's errors.

The original Report found this claim procedurally defaulted because it had not been fairly presented to the Fifth District (Report, ECF No. 10, PageID 457). Petitioner objects that he did argue the correct standard to the Fifth District in his Brief by citing *Strickland v. Washington,* 466 U.S. 668 (1984), that he raised this claim on his further appeal to the Ohio Supreme Court, and that he should not be penalized for failing to guess in advance that the Fifth District would use the wrong standard (Objections, ECF No. 11, PageID 463-65). Each of these objections accurately reflects the record, but they fail to deal with a procedural default not mentioned in the original Report.

Regarding fair presentation, counsel writes: "At that stage of the proceedings [i.e. after the Fifth District ruled], the Ohio Supreme Court was the appropriate forum to present this claim, as it represents the next highest State court in the direct review process." (Objections, ECF No. 11,

4

PageID 464). The Magistrate Judge disagrees. Petitioner argues the Fifth District made a clear legal error. Since that error entered the case at the appellate level, Petitioner should have attempted to correct it at that level. Ohio R. App. P. 26(A) provides that a party to an appeal may apply to the deciding court for reconsideration of its decision. The same rationale that supports the contemporaneous objection rule as applied to trial proceedings applies here: the court that made the error should be given an opportunity to correct it before the issue is taken to a higher court. This is particularly true when the case is a misdemeanor case, where Supreme Court jurisdiction is not even theoretically mandatory as it is with felonies. In fact, the Supreme Court may have refused to take the case because it involved a misdemeanor: the Entry declining jurisdiction refers to Ohio Sup Ct. Prac. R. 7.08(B)(4) where one of the available reasons for declining jurisdiction is "the appeal does not involved a felony" (B)(4)(c) (Entry, State Court Record, ECF No. 7-25, PageID 423).

Given the smaller caseload at the appellate level and the frequent refusal of the Ohio Supreme Court to grant review, a motion for reconsideration would seem much more likely to garner attention. But no motion for reconsideration was filed. Thus Petitioner has procedurally defaulted on the issue of whether the Fifth District applied a wrong standard in evaluating his ineffective assistance of trial counsel claims. He has not yet presented this Court with any excusing cause and prejudice.

Assuming Petitioner does present excusing cause, the question is whether the ineffective assistance of trial counsel claims have merit when reviewed under the correct "reasonable probability" standard. The Fifth District found that, while a limiting instruction would have been appropriate, it was reasonable trial strategy not to call attention to the statement because of its content and in any event trial counsel had effectively cross-examined the complaining witness

5

about inconsistencies in her accounts of what happened. *State v. Pokhrel, supra*, at ¶¶ 78-79. There is not a reasonable probability that the outcome of the trial would have been different if the trial attorney had made the omitted objection or asked for the omitted jury instruction.

**Second Ground for Relief: Ohio Harmless Error Standard is Unconstitutional**

In his Second Ground for Relief, Petitioner assert Ohio deprived him of equal protection and due process of law when it applied different harmless error standards to constitutional and non-constitutional errors.

The Fifth District found the trial court committed error in admitting into evidence the complaining witness's handwritten statement about the offense, but found the error harmless, applying the standard enunciated by the Ohio Supreme Court in *State v. Webb*, 70 Ohio St. 3d 325 (1994)(nonconstitutional error is harmless if there was substantial other evidence to support the verdict).

In the original Report, the Magistrate Judge found this claim procedurally defaulted because it was not fairly presented to the Fifth District as a constitutional claim. Petitioner objected: "This conclusion overlooks both the nature and trajectory of the argument as presented throughout Petitioner's appellate process." (ECF No. 11, PageID 469). He then notes he made a constitutional claim out of this point in his appeal to the Ohio Supreme Court. Thus he implicitly concedes he never made the constitutional claim to the Fifth District. Examination of his Brief on appeal confirms this omission.

At that point in time, *Webb* had been established law in Ohio for thirty years. Thus it cannot have been a surprise to Plaintiff's appellate counsel that if the Fifth District found error, it

would evaluate that error under *Webb*, differentiating constitutional from nonconstitutional error. Yet he made no argument for overturning *Webb* to the Fifth District.  As with the First Ground for Relief, this claim could have been presented to the Fifth District, the court in which the asserted constitutional error was made, in a motion for reconsideration.

Petitioner's argument on the constitutional claim in Ground Two consists merely of asserting the claim in the Petition (ECF No. 1, PageID 13).  As noted above, Petitioner has never filed a Reply.  In his Return, Respondent plainly challenged the lack of any clearly established Supreme Court law finding this differentiation in Ohio harmless error standard unconstitutional on either equal protection or due process grounds.

Ground Two should also be dismissed as procedurally defaulted and on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 19, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.