**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

PUSPA POKHREL,

                           Petitioner,      :       Case No. 2:25-cv-00181

  - vs -                                 District Judge Algenon L. Marbley
                                         Magistrate Judge Michael R. Merz

THE HONORABLE DAVID
STANSBURY, JUDGE, *et al.*,

                                     :
           Respondents.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case was brought by Petitioner Puspa Pokhrel with the assistance of counsel.  It is before the Court on Petitioner's Objections (ECF No. 18) to the Substituted Report and Recommendations of the undersigned (ECF No. 13).  Petitioner has filed Supplemental Authority in support of the Objections (ECF No. 20) and District Judge Marbley has recommitted the case for reconsideration in light of the Objections (ECF No. 19).  Respondents have not replied to the Objections.

## Analysis

**First Ground for Relief: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner claims he received ineffective assistance of trial

1

counsel in three instances.  The Substituted Report found this claim was procedurally defaulted by failure to present it to the Fifth District Court of Appeals on a motion for reconsideration under Ohio App. R. 26(A), by analogy to Ohio's contemporaneous objection rule.  This was error.  As Petitioner's counsel correctly points out the Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).   There is no Ohio

2

rule requiring that error made by an intermediate court of appeals be brought to that court's attention by a motion for reconsideration and there surely was no enforcement of any such rule in this case.  Therefore the procedural default recommendation made in the Substituted Report is withdrawn and the Court proceeds to consider the merits of this ineffective assistance of trial counsel claim.

On his direct appeal to the Ohio Fifth District Court of Appeals, Pokhrel pleaded as his Fourth Assignment of Error:

> Defendant-appellant was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, due to trial counsel's failure to object to the prosecutor's improper closing remarks and failure to request a limiting instruction and a *mens rea* instruction.

Appellant's Brief, ECF No. 7-17, PageID 310.

The Fifth District decided the ineffective assistance of trial counsel claims as follows:

> {¶67} In his fourth assignment of error, appellant argues that his trial counsel was ineffective for failing to object to the prosecutor's closing argument, in failing to request a jury instruction on the culpable mental state of purpose, and in failing to request a limiting instruction on the use of I.H.'s prior written statement.
>
> (¶68} To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must meet the now familiar *Strickland* standard. To show deficiency, a defendant must show (1) that his trial counsel's representation fell below an objective standard of reasonableness and (2) that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989).
>
> *Failure* to *object to closing argument*
>
> (¶69) During closing argument, the state argued:

> He has been in the country he said for sixteen years and he admitted that if somebody grabbed someone's breast it would be offensive. I am submitting to you the testimony that you heard along with the two exhibits that you will have with you will help you in reaching your verdict.

{¶70} Tr. 196.

{¶71} While trial counsel objected to the admission of the prior statement of I.H., he did not object to the state's closing argument. We have found that the admission of the prior statement of I.H. for the jury's consideration was error. So, too, the state's closing argument referring to the prior statement was error.

(¶ 72) However, we find that the results of the trial would not have been different. The jury was instructed that the evidence does not include the complaint, opening statements and closing arguments of counsel. Tr. 205.

*Jury instruction of culpable mental state*

{¶73} Appellant also argues that his trial counsel erred in failing to request a jury Instruction on the culpable mental state. The jury instructions included a definition of recklessness. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist. Tr. 208-209.

(¶74} Appellant was charged with sexual imposition in violation of R.C. 2907.06(A)(1).

> (A) No person shall have sexual contact with another, not the spouse of the offender ... when any of the following applies:
>
> (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶75} The trial court did not give a definition of "purposely" as found in the definition of sexual contact. However, the trial court instructed the jury on the definition of sexual contact. Tr. 207-208. *State V. Huffman,* 2024-Ohio-889, IT 69 (11th Dist.) (jury instruction

that "purpose" is an essential element of sexual imposition was not warranted.).

(¶76) We do not find that trial counsel was ineffective in failing to request a jury instruction on "purposely". The culpable mental state of reckless is set forth in the statute for sexual imposition.

*Limiting instruction on jury's use of 1.H. 's prior statement*

{¶77} Appellant's trial counsel objected to the submission to the jury of I.H.'s prior statement but failed to request a limiting instruction on its use by the jury.

{¶78} We find that while a limiting instruction would have been appropriate, given the extra comments made in the statement that the wife knew he had done this before, it was reasonable trial strategy not to call attention to the contents of the statement.

{¶79} Trial counsel effectively argued to the jury that I.H.'s prior statement was not consistent with her trial testimony.

{¶80} We find that the outcome of the trial would not have been different if appellant's trial counsel had objected to the closing argument of the state or requested the jury instructions he now argues were relevant.

{¶81} The fourth assignment of error is overruled.

Opinion, ECF No. 7-20, PageID 391-93, reported at *State v. Pokhrel*, 2024-Ohio-3073 (Ohio App. 5th Dist. Aug. 24, 2024).

Thus the Fifth District reached a decision on the merits of Petitioner's ineffective assistance of trial counsel claims, but Petitioner argues it is not entitled to deference under 28 U.S.C. § 2254(d)(1) because it is not an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Specifically Petitioner asserts the Fifth District applied the wrong standard of causation in evaluating any prejudice resulting from trial counsel's errors:

> The merits of this case are not in dispute. The Fifth District acknowledged error but applied the wrong prejudice standard in holding it harmless. *State v. Pokhrel*, 5th Dist. Licking No. 2023 CA

5

> 0090, 2024-Ohio-3073, ¶ 66-81. The State's answer to the petition likewise admits that the Fifth District misstated and misapplied *Strickland* multiple times. (ECF No. 8, PageID 442).

Objections, ECF No. 18, PageID 491.  The relevant passage from the Fifth District's opinion is quoted in full above.[1]

At the first stage of *Strickland* analysis – deficient performance -  a court must decide whether counsel's performance fell below an objective standard of reasonableness.

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

With respect to one of the three ineffective assistance of trial counsel claims, to wit, that trial counsel provided ineffective assistance in failing to request a jury instruction on the *mens rea* element of purposely, the Fifth District found no deficient performance because purposely is not the correct *mens rea* for sexual imposition.  *Pokhrel, supra,* at ¶¶ 73-76.  That is a question of Ohio law on which this Court is bound by the Fifth District's interpretation.  As to the jury instruction sub-claim, then, the Fifth District's conclusion is entitled to deference under 28 U.S.C. § 2254(d)(1).

With respect to the other two sub-claims relating to the victim's written statement, the Fifth

---

[1] Except for ¶ 66 which is part of the decision on the Third Assignment of Error.

6

District did not find trial counsel's performance fell below an objective standard of reasonableness. Instead, reasonably concluding the trial court had committed error by allowing the statement into evidence, trial counsel could well have decided as a matter of strategy not to call attention to the statement. See ¶ 78.  The Supreme Court in *Strickland* noted that there are some actions a trial attorney could permissibly have made which may be reasonably omitted as a matter of trial strategy.  Given that the written statement of the victim was harmful to Pokhrel's case, it was not unreasonable to fail to call attention to it by making the objection or requesting the instruction Pokhrel now insists should have occurred.  The Fifth District's conclusion is not an objectively unreasonable application of the first prong of *Strickland* and is therefore entitled to deference under § 22454(d)(1).  If the Court were reviewing the issue *de novo*, the Magistrate Judge would recommend it reach the same result.

Petitioner also objects to the Fifth District's decision on the second prong of *Strickland.* He asserts that the Fifth District applied a but-for causation standard which is less favorable to petitioners than that required by *Strickland*.  As the Fifth District stated that standard at ¶ 68, it is that "but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989)."

As the Supreme Court originally formulated the prejudice prong, it was "Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. 668.  Alternatively the Supreme Court formulated the test as  "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  466 U.S. 695.

In arguing the Fifth District applied the wrong standard for evaluating prejudice, Petitioner relies first on *Vasquez v. Bradshaw*, 345 Fed. Appx. 10435 (6th Cir. Sept. 2, 2009).  In *Vasquez* Judge Boggs, for a two-judge majority, wrote "a deficient performance is prejudicial if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Id.* at 110, quoting *Strickland* at 694.  Judge Boggs concluded the error of both the trial and appellate court in *Vasquez* was not a casual one:

> This is not a casual error. A "reasonable probability" of difference does not mean "would have been different." The latter formulation puts a greater burden on the petitioner. To prevail on his claim as it was adjudicated, Vasquez was required not only to show that his counsel's deficiency "undermine [d] confidence in the outcome," *Strickland* 466 U.S. at 694, 104 S.Ct. 2052, but to prove that a trial with competent counsel actually would have resulted in his acquittal. In interpreting what Congress meant in § 2254(d), the Supreme Court used a similar mistake as the paradigmatic example of an application of law "contrary to clearly established federal law" that deserves no deference under the statute. The Court explained:
>
>> A state court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law.... Take, for example, our decision in *Strickland* .... If a state court were to reject a prisoner's claim of ineffective assistance of counsel on the grounds that the prisoner had not established by a preponderance of the evidence that the result of his criminal proceeding would have been different, that decision would be 'diametrically different,' 'opposite in character or nature,' and 'mutually opposed' to [the Court's] clearly established precedent because [it] held in *Strickland* that the prisoner need only demonstrate a 'reasonable probability that ... the result of the proceeding would have been different.'
>
> *(Terry) Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (internal citations omitted).

*Vasquez* at 111-12.

Judge Boggs' majority opinion evoked a strong and lengthy dissent from Judge Griffin on the appropriate standard of review and on the result of applying the correct standard. *Vasquez* was not published and is therefore not binding precedent.

Petitioner next cites to *Johnson v. Genovese*, 924 F.3d 929 (6th Cir. May 28, 2019). There the rejected standard used by the Tennessee Court of Criminal Appeals was not the "but for" standard criticized here. However, the court did note that *Vasquez* was not binding precedent. 924 F.3d at 937. Petitioner next cites *Spaulding v. Larson*, 704 F. App'x 475, 480 (6th Cir. 2017), again an unpublished decision.

In *Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. Aug. 28, 2001), the Michigan courts had denied an ineffective assistance of trial counsel claim which was based on counsel's having given legally incorrect sentencing information. The trial court had held "that Magana's trial counsel was not constitutionally ineffective because Magana could not prove that, but for his counsel's faulty advice, he would have accepted the plea." The Sixth Circuit held the reasonable probability standard was firmly established:

> Such a petitioner must prove both deficient performance on the part of his counsel and that, but for his counsel's advice, there is a reasonable probability that he would have pleaded guilty. *Turner,* 858 F.2d at 1206; *see also Paters,* 159 F.3d at 1046 (requiring defendant to show that "there is a reasonable probability that he would have accepted the alleged proposed plea agreement absent defense counsel's advice"); *Gordon,* 156 F.3d at 380 (applying "reasonable probability" standard to claim that defense counsel's gross misadvice regarding potential sentencing exposure violated defendant's Sixth Amendment rights); *United States v. Day,* 969 F.2d 39, 42 (3d Cir.1992) (noting that defendant who claims that his counsel's gross underestimation of his sentence led him to reject state's plea offer must meet the "reasonable probability" standard to prove prejudice).

*Magana*, 263 F.3d at 547-48. As Petitioner notes, Respondent concedes that the Fifth District

9

misstated the *Strickland* standard.

Having considered the precedent cited (some binding and some merely persuasive), the Magistrate Judge concludes that the Fifth District's decision on the prejudice prong of *Strickland* as applied to this case was contrary to or an objectively unreasonable application of *Strickland*. Therefore Petitioner is entitled to a *de novo* consideration of the prejudice prong.

Having conducted that review, the Magistrate Judge concludes it is not reasonably probable that but for trial counsel's failure to (1) object to the State's closing argument or (2) request a limiting instruction about I.H.'s written statement, the result of the trial would have been different. Had trial counsel taken those two steps, the written statement would have been even more called to the jury's attention, which is why the undersigned has recommended above that those two omissions be treated as permissible trial strategy. This is not an ineffective assistance of trial counsel case like *Vasquez* where the underlying omission was failure to investigate and call witnesses and the circuit court could evaluate what the testimony of those witnesses would likely have been. Instead we are left with pure speculation as to whether those two steps would have helped or hurt Petitioner's case. Speculation is not proof of a reasonable probability.

Petitioner's First Ground for Relief should be rejected on both the deficient performance and prejudice prongs of *Strickland*.

## Second Ground for Relief: Ohio Harmless Error Standard is Unconstitutional

In his Second Ground for Relief, Petitioner asserts that the different harmless error standard applied under Ohio law to constitutional and non-constitutional errors is unconstitutional as a denial of both equal protection and due process:

> **Ground 2**—Ohio's Appellate Review Standards Violate Due Process and Equal Protection

39. Petitioner avers that Ohio's application of its harmless error standard, which (as applied to Petitioner's case) arbitrarily differentiates between constitutional and nonconstitutional errors, is contrary to federal law, and violates Equal Protection and Due Process under the Fourteenth Amendment.

Petition, ECF No. 1, PageID 13.

In the Substituted Report, the undersigned recommended dismissal of this claim as procedurally defaulted (because never fairly presented to the Fifth District Court of Appeals as a constitutional claim) and on the merits (because the United States Supreme Court has never held that States are prohibited from using different standards of review for trial court error of a constitutional versus nonconstitutional nature)(ECF No. 13, PageID 478, *et seq*.).

Petitioner objects that the Magistrate Judge has made the same error here as with Ground One by insisting that Petitioner should have filed an App. R. 26(A) application to bring to the Fifth District's attention his claim that *State v. Webb*, 70 Ohio St.3d 325 (1994), is unconstitutional.  Not so,  The procedural default of Ground Two occurred when Petitioner did not raise the asserted unconstitutionality of *Webb* as an assignment of error on direct appeal.  *Webb* has been the law in Ohio for thirty years.  To fairly present a constitutional claim that *Webb* violates the Fourteenth Amendment, Petitioner should have raised that as an assignment of error when he appealed.  We do not know why the Ohio Supreme Court declined review, but it is well established that one may not insert an issue on appeal to that court which one has not raised below.

Apart from procedural default, Ground Two is without merit.  District courts are authorized to grant habeas relief only when a state court conviction is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Petitioner has cited no such precedent and none is known to the undersigned.

11

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 July 22, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.